UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Vanessa Holloway,

Plaintiff,

v.

Howard University *et al*.,

Defendants.

Case: 1:17-cv-00013
Assigned To : Unassigned
Assign. Date : 1/4/2017
Description: Pro Se Gen. Civil (F Deck)

MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has submitted a complaint and an application to proceed *in forma pauperis*. The application will be granted, and the complaint will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff states that she is "seeking the appropriate administrative signatures for my doctorate in History. All of my degree requirements have been met. In addition to signatures, my academic transcript needs to be fixed." Compl. at 1. The instant complaint arises from the same events that formed the basis of plaintiff's dismissed case, which sought as "the primary relief . . . the award of her doctorate degree" from Howard University. *Holloway v. Howard Univ.*, --- F. Supp. 3d ---, ---, 2016 WL 3945089, at *2 (D.D.C. July 19, 2016). In addition, this action is brought against two of the previously named defendants--the University and Professor Daryl Scott. *See Holloway v. Scott*, Civ. No. 15-1726-ABJ (case caption).

Under the doctrine of *res judicata*, a final judgment on the merits in one action "'bars a second suit involving the same parties or their privies based on the same cause of action.'" *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Parklane Hosiery Co. v. Shore*, 439



3

U.S. 322, 326, n.5 (1979)). "Broadly speaking, '[a] privy is one [who is] so identified in interest with a party to the former litigation that he or she represents precisely the same legal right in respect to the subject matter of the case,'" *Herrion v. Children's Hosp. Nat. Med. Ctr.*, 786 F. Supp. 2d 359, 371 (D.D.C. 2011) (quoting *Smith v. Jenkins*, 562 A.2d 610, 615 (D.C. 1989)), and the same cause of action turns on whether the cases "share the same 'nucleus of facts,'" *Drake*, 291 F.3d at 66. *Res judicata* bars the relitigation "of issues that were or *could have been raised* in [the prior] action." *Id.* (emphasis in original) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). Consequently, "a party cannot escape application of the doctrine by raising a different legal theory or seeking a different remedy in the new action that was available to her in the prior action." *Duma v. JPMorgan Chase*, 828 F. Supp. 2d 83, 86-87 (D.D.C. 2011) (citing *Apotex, Inc. v. Food & Drug Admin.*, 393 F.3d 210, 217 (D.C. Cir. 2004)).

Although *res judicata* is an affirmative defense that typically must be pled, courts "may raise the *res judicata* preclusion defense *sua sponte*," *Rosendahl v. Nixon*, 360 Fed.App'x. 167, 168 (D.C. Cir. 2010) (citing *Arizona v. California*, 530 U.S. 392, 412-13 (2000); *Brown v. D.C.*, 514 F.3d 1279, 1285-86 (D.C. Cir. 2008)), and a "district court may apply *res judicata* upon taking judicial notice of [a] [party's] previous case," *Tinsley v. Equifax Credit Info. Serv's, Inc.*, No. 99-7031, 1999 WL 506720 (D.C. Cir. June 2, 1999) (per curiam) (citing *Gullo v. Veterans Cooperative Housing Ass'n*, 269 F.2d 517 (D.C. Cir. 1959) (per curiam)).

In the previous action, the court addressed both the federal claim plaintiff reasserts here under Title IX of the Education Amendment Act of 1972 and the previously asserted common law claim of intentional infliction of emotional distress. *See Holloway*, 2016 WL 3945089, at *4 (Title IX); *id.* at *6 (IIED); *cf.* Compl. at 1-2. The court first noted that "plaintiff has filed five responses to the University's motion, and has yet to articulate a viable legal claim." *Holloway,*

2016 WL 3945089, at *3 (record citation omitted). In reaching its conclusion, the court implicitly, if not explicitly, found that plaintiff had not fulfilled the requirements for a doctoral degree. Citing to the complaint, the court noted that plaintiff had "supplied a copy of her unofficial transcript, and it reflects that she was last enrolled in the spring of 2010, when she received the grade of incomplete and earned no credit in two courses entitled 'PhD Dissertation.'" *Holloway*, 2016 WL 3945089, at *1. The court also observed that "plaintiff does not supply any context for [a] plagiarism allegation, but she does not deny it," and "[a]lthough [plaintiff] published work since her departure from the University, . . . she does not indicate that she ever completed her dissertation." *Id.* at *2. Plaintiff cannot litigate those facts anew. A separate order of dismissal accompanies this Memorandum Opinion.

United States District Judge

Date: January 3rd, 2017